## Hall, Appellant, *v.* Pennsylvania Railroad Company.

*Railroads—Improper use of streets—Equity.*

A bill in equity against a railroad company to enjoin from making an unlawful use of streets in front of complainant's property, and especially injurious to him, will not be dismissed where it appears that the illegal occupation of the streets by the defendant was not wantonly or even negligently done, but as choice of evils in a situation of constantly increasing difficulty involving very large public interests and convenience; but the bill will be retained, and a decree entered giving the defendant reasonable time to abate the nuisance or come to an agreement with the complainant. If the nuisance is not abated or the parties do not agree, the court will then by appointment of a referee, or issue to a court of law, or otherwise as it may deem most expedient, ascertain the damages to the complainant.

Argued March 14, 1906. Appeal, No. 194, Oct. T., 1905, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Jan. T.,

1905, No. 987, dismissing bill in equity in case of Robert C. Hall v. Pennsylvania Railroad Company.   Before MITCH-ELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ.   Reversed.

Bill in equity for an injunction.
The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*David T. Watson,* of *Watson & Freeman,* with him *William Kaufman,* for appellant.

*Patterson, Sterrett & Acheson,* for appellee.

PER CURIAM, May 7, 1906 :
That the defendant was making an unlawful use of the streets in front of appellant's property specially injurious to him was found as a fact by the court below, and, indeed, was so clear that it was not really denied by defendant's counsel in this court.   Being thus an admitted and continuing nuisance which could only be prevented at law by repeated actions, it is remediable in equity, and where the enforcement of a clear legal right comes within the jurisdiction of equity the doctrine of the respective inconvenience or loss to the parties has no place, and the duty to give relief is as mandatory as in courts of law : Sullivan v. Steel Co., 208 Pa. 540.   The learned judge below, therefore, was in error in dismissing the bill and imposing the costs on the plaintiff.

It appears, however, beyond dispute, that the illegal occupation of the streets by defendant was not wantonly or even negligently done, but as a choice of evils in a situation of constantly increasing difficulty, involving very large public interests and convenience.   While this consideration is not a bar to appellant's rights, it is a good reason for the exercise of the chancellor's discretion in the summary enforcement of such rights.   And the appellant will have small ground for complaint of a little more delay in view of the facts as found by the court below that he bought the property when the conditions and use of the streets were the same, and as obvious as

now, allowed between two and three years to elapse before filing his bill, and in the meantime, shortly before filing the bill, refused an offer from the defendant to lease the property at a much larger rental than that paid by his present tenants.

The decree is reversed, the bill directed to be reinstated and the injunction to be issued, the enforcement of the injunction, however, to be under the supervision and special orders of the court below so as to afford the defendant reasonable time to abate the nuisance. And at the proper time, if the parties do not agree, the court shall by appointment of a referee, or issue to a court of law, or otherwise, as it may deem most expedient, ascertain the damages to the plaintiff. Costs to be paid by the appellee.