## Woelpper v. Pennsylvania Water & Power Co., Appellant.

*Injunctions—Equity jurisdiction—Injury to established rights—
Dams—Balance of convenience—Laches.*

1. Equitable relief by injunction against interference by another with the plaintiff's established right in the enjoyment of his property will not be refused on the ground that the injury is not irreparable and that the remedy will result in greater injury to the defendant than that which the plaintiff seeks to prevent, where it appears that the wrong complained of consisted in the erection of flash boards placed at certain seasons of the year on the top of a dam, so that the water backed upon the plaintiff's property to a depth of from two and a half to three feet and covered at times a portion of his land.

2. The plaintiff in such case will not be convicted of laches because of delay in instituting the suit where it appears that while the defendant expended large sums in preparation for raising the dam, there was no evidence to show that the plaintiff or his predecessor in title knew that preparations were being made for such proposed addition.

Argued May 18, 1915. Appeal, No. 174, January Term, 1915, by defendant, from decree of C. P. Lancaster Co., Equity Docket No. 5, page 377, awarding an injunction in case of Wilson Woelpper v. The Pennsylvania Water and Power Company. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Bill in equity to enjoin maintenance of flash boards upon a dam. Before LANDIS, P. J.

The opinion of the Supreme Court states the case.·

' The court awarded an injunction as prayed for. Defendant appealed.

*Error assigned,* among others, was in granting the injunction.

*Spencer G. Nauman,* and *John E. Malone,* with them *John A. Nauman,* for appellant.—To enjoin the use of flash boards is to deprive the defendant of the ability to fulfil its contracts and.incidentally work a hardship and great inconvenience to a vast number of persons: York Haven Water & Power Co. v. York Haven Paper Co., 201 Fed. Reps. 270; Richards' App., 57 Pa. 105; Rhodes v. Dunbar, 57 Pa. 274; Dilworth's App., 91 Pa. 247; Wahl v. Methodist Episcopal Cemetery Assn., 197 Pa. 197; Miles v. Penna. Coal Co., 214 Pa. 544; Berkey v. Berwind-White Coal Mining Co., 220 Pa. 65. Plaintiff was guilty of laches: West & Co. v. Octoraro Water Co., 159 Fed. Repr. 528; Stewart Wire Co. v. Lehigh Coal & Navigation Co., 203 Pa. 474; Condron v. Penna. R. R. Co., 233 Pa. 197; New York City v. Pine, 185 U. S. 93.

*Wm. Clarke Mason,* with him *John M. Groff,* for appellee, cited on question of laches: Lancaster Electric Light, Heat & Power Co. v. Penna. Water & Power Co., 28 Lanc. L. R. 361; Alexander v. Kerr, 2 Rawle 83; Beech v. Kuder, 15 Pa. Superior Ct. 89, and on the question of plaintiff's right to an injunction: Walters v. McElroy, 151 Pa. 549; Nittany Valley R. R. Co. v. Empire Steel & Iron Co., 218 Pa. 224; Keppel v. Lehigh Coal & Navigation Co., 200 Pa. 649; Griffiths v. Monongahela Railroad Co., 232 Pa. 639.

OPINION BY MR. JUSTICE POTTER, July 3, 1915:

The plaintiff filed this bill to enjoin the defendant company from.increasing the height of its dam so as to overflow or injure plaintiff's land and water power. Defendant admitted, and the trial judge found as a fact, that by reason of flash boards, placed at certain seasons of the year upon the top of the dam, the water is dammed up and backs upon the plaintiff's property to a depth of from two and a half feet up to four and a half feet, and covers at times about five-hundredths of an acre of land. The court below held that plaintiff was

entitled to relief, and issued an injunction restraining defendant from increasing the height of its dam so as to cause the water of the Susquehanna river to back and flow into Tacquan creek and overflow and injure the lands of the plaintiff located along that creek. Counsel for appellant do not deny that the rights of plaintiff have been invaded by its acts in raising the height of the dam and overflowing plaintiff's land, but they contended that an injunction should not have been awarded, because the injury is not irreparable, and the remedy will result, they allege, in greater injury than that which plaintiff seeks to prevent. In support of their contention counsel cited the case of Berkey v. Berwind-White Coal Mining Co., 220 Pa. 65. But there the inquiry was as to the respective rights of owners of different strata of the land. Between the rights of the owner of the surface, and those of the owner of the coal that lay beneath, which its owner had the right to mine and remove, and it was held that under the peculiar facts, the injury to the surface could be adequately compensated in damages. But a distinction was pointed out between the situation there shown, where the owner of the coal had a right to remove it, though responsible for damage to the surface, and that of a trespasser without any interest in the premises, whose act was a mere tort. In such a case, the right and duty of a court of equity to interfere by injunction to prevent such wrongs, was clearly recognized. The cases sustaining the right to such relief were cited, notably Walters v. McElroy, 151 Pa. 549, where Mr. Justice HEYDRICK said (p. 557): "As to the principle invoked, that a chancellor will refuse to enjoin when greater injury will result from granting than from refusing an injunction, it is enough to observe that it has no application where the act complained of is in itself as well as in its incidents tortious. In such case it cannot be said that injury would result from an injunction, for no man can complain that he is injured by being prevented from doing to the hurt of another that

which he has no right to do. Nor can it make the slightest difference that the plaintiff's property is of insignificant value to him as compared with the advantages that would accrue to the defendants from its occupation." This language was quoted with approval in Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540, by Mr. Justice BROWN, who adds (p. 555) : "There can be no balancing of conveniences when such balancing involves the preservation of an established right." Again in Hall v. Pennsylvania Railroad Co., 215 Pa. 172, where the unlawful use by a railroad company of the street in front of plaintiff's property was enjoined, it was said per curiam (p. 173) : "Being thus an admitted and continuing nuisance which could only be prevented at law by repeated actions, it is remediable in equity, and where the enforcement of a clear legal right comes with the jurisdiction of equity the doctrine of the respective inconvenience or loss to the parties has no place, and the duty to give relief is as mandatory as in courts of law." In Bigler v. Pennsylvania Canal Company, 177 Pa. 28, Mr. Justice DEAN said (p. 36) : "All our Pennsylvania cases hold an undoubted substantial injury to a right of property will be redressed in equity where there is no adequate remedy at law, without regard to the inconvenience or damage the wrongdoer may sustain." As was also said in Sullivan v. Jones & Laughlin Steel Co., supra : "The right of man to use and enjoy his property is as supreme as his neighbor's, and no artificial use of it by either can be permitted to destroy that of the other." So thoroughly established is the principle involved, that it has become textbook law. Thus in Gould on Waters (3d Ed. 1900), section 537, it is said : "Where a dam maintained at a lawful height did not affect the plaintiff's land, and the increase of the height caused its overflow, it was held that equity would prevent such injury." And in 2 Farnham on Waters (1904), section 582, it is said : "The character of the injury caused by the obstruction of the flow of water in a stream so as to

throw it back on upper land is such as to bring the case very easily within the jurisdiction of a court of equity." Under the authority of the cases which we have cited, and that of many others which might be added, we have no doubt whatever as to the right of the plaintiff in this case to the protection of a court of equity, and to the relief by injunction for which he prayed.

Counsel for appellant also argue that the plaintiff was guilty of laches, and has forfeited his right to equitable relief by standing by, and without objection, permitting appellant to spend large sums of money in the preparation and erection of the flash boards. This contention seems to lack foundation. In fact, it is based entirely on the testimony of appellant's superintendent that "the cost of the collapsible boards arrangement, together with the equipment to utilize it, is approximately $100,000." But there is nothing in the evidence to show that either the plaintiff or his predecessor in title knew that appellant was preparing to make the proposed addition to his dam, or was spending any money for that purpose. The flash boards were first erected for operation on August 26, 1911, and six days later, the grantor of plaintiff by his attorney wrote to appellant, making objection to the use of the boards, for the reason that they had flooded his land, and threatening to take steps to protect himself in the matter. The boards remained up, either wholly or partially, until the early part of October, in that year, a few days after plaintiff acquired title, and there is no evidence that they were put up again until after the date when the present bill was filed, June 11, 1912. It is averred in the bill that appellant was about to begin to raise the dam to an additional height of three and a half to five feet, and that by such an increase in the height plaintiff's lands would be flooded by back water and in large part rendered valueless for the purpose of their intended use. The trial judge very properly said "upon this conceded state of facts, it seems to be going too far to charge the plaintiff with laches." In Alexander

v. Kerr, 2 Rawle 83, Mr. Justice GIBSON said (p. 89) : "Against the original author of a nuisance (the overflowing of the land of an upper riparian owner by a dam, on premises below him) no forbearance to sue, short of the period which, in analogy to the statute of limitations, has been assumed as conclusive in the case of an adverse occupancy of a water right, can be set up as bar...... Nor can this period be abridged by the interference of a purchaser, who has no reason to infer from a forbearance for a considerable time a determination to forbear forever."

The assignments of error are overruled, the decree of the court below is affirmed, and this appeal is dismissed at the cost of appellant.