## The Wilmore Coal Company, Appellant, *v.* Holsopple.

*Equity—Equity jurisdiction—Cutting timber—Doubtful legal right—Bill in equity—Injunction.*

1. Equity will not restrain an interference with a doubtful legal right involving disputed questions of fact.   Before a complainant can invoke the aid of a chancellor in such case he must have his right determined in an action at law.

2. A bill in equity to restrain the cutting of timber on complainant's land was properly dismissed, where it appeared that the complainant and defendant had entered into an agreement under which the latter was given the right to cut timber on a certain part of such land; that a sketch purporting to fix the limits of such tract was attached to the agreement, but failed to describe it by metes and bounds or by monuments; and that while a survey was subsequently made purporting to cover the tract referred to in the agreement there was no evidence that defendant had agreed to the boundaries fixed by such survey and he had testified that he had refused to be bound by it.

Argued Sept. 27, 1915.   Appeal, No. 37, Oct. T., 1915, by plaintiff, from decree of C. P. Somerset Co., Equity Docket, 1912, No. 16, dismissing bill in equity in case of The Wilmore Coal Company v. Russel Holsopple.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Bill in equity for an injunction.  Before STEPHENS,
P. J.

The facts are stated in the opinion of the Supreme
Court.

The court dismissed the bill.  Plaintiff appealed.

*Errors assigned* were the action of the court on ex-
ceptions and the decree of the court.

*Chas. H. Ealy* and *Chas. F. Uhl, Jr.,* with them *Percy
Allen Rose,* for appellant.

*John G. Ogle,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, January 3,
1916:

This bill was for an injunction to restrain the appellee
from cutting trees on lands belonging to the appellant,
in Paint Township, Somerset County, known as the
Murdock tract.  The following material facts, found on
sufficient evidence by the learned judge below, specially
presiding, led to the dismissal of the bill. Russel Hols-
opple, the appellee, in the year 1900, was the owner of
certain standing timber on a tract of land containing
fifteen acres, known as the James P. Thomas tract, situ-
ated at Mine No. 39, of the Berwind-White Coal Mining
Company.  That company entered on this land, being
the owner of the surface and the underlying coal, and cut
and removed from it, without the consent of Holsopple,
trees which belonged to him.  He informed the coal com-
pany, through Charles Wissinger, its representative,
who had charge of the cutting and removal of the trees,
that he was the owner of them, and Wissinger, in turn,
informed him that his company would compensate him
for them.  Subsequently Holsopple and Wissinger went
upon the Murdock tract, belonging to the appellant, and
viewed the timber on it as a preliminary step in a pro-
posed settlement with the appellee for the timber taken

by the Berwind-White Coal Mining Company from the Thomas tract. This was done under some agreement between the Berwind-White Coal Mining Company and the appellant, that the appellee should have the right to cut timber from its land to reimburse him for his timber cut and removed by the Berwind-White Coal Mining Company. The details of the preliminary arrangement, as to the quantity of timber on the Murdock tract to be given to Holsopple, in exchange for his timber taken from the Thomas tract, are indefinite and uncertain, the averments of the appellant as to them being denied by the appellee. The only persons who were present at the meeting on the ground were the appellee and Wissinger, acting for the appellant. On January 22, 1901, some time after this meeting on the ground, an article of agreement was prepared by the officials of the Berwind-White Coal Mining Company from data furnished them by Wissinger, which had for its purpose an adjustment of the claim of Holsopple against the said company, to which a sketch of the territory of the Murdock tract that was to be cut over by the defendant was attached, and the same was duly executed by the said coal mining company and the appellee. Under this agreement Holsopple went upon the Murdock tract and began cutting and removing timber in a southerly and southeasterly direction from a railroad right of way. On May 15, 1905, the Berwind-White Coal Mining Company caused a survey to be made of the land upon which it contended Holsopple was to have the timber in exchange as aforesaid, fixing the boundaries which were indicated by Wissinger to the surveyor of the company as having been those agreed upon by himself and Holsopple at and before the execution of the agreement of January 22, 1901, and it was determined by this survey that the land upon which the timber was to be cut contained five and one-half acres. It was admitted, however, as contended for by the defendant, that he was not present at this survey, but, on the day following, was present, at least part of

the time, when the lines of the said survey were gone over by persons representing the appellant. The testimony does not show that Holsopple expressed himself as agreeing to the boundaries fixed by this survey, but, on the contrary, his testimony is that he refused to accept the survey of May 15, 1905, as fixing the limits of his right to cut timber on the Murdock tract, and he contends by his answer and in his testimony that, under the terms of the said agreement, he is entitled to all the timber on the said tract south of the railroad right of way, excepting only the hickory timber thereon.

The appellant attached to its bill and made part of it the agreement of January 22, 1901, between the Berwind-White Coal Mining Company and the appellee, which was executed by the coal mining company in pursuance of authority given to it by the Wilmore Coal Company, and the averment of that company, the appellant, is that, under this agreement, the appellee, was to have the right and privilege of cutting timber from the Murdock tract equal in value to that which the Berwind-White Coal Mining Company had cut from the Thomas tract. Nothing is to be found in the agreement supporting this averment. If it appeared from the same that the appellee was to cut timber from a defined part of the Murdock tract, designated by metes and bounds, or made certain by monuments on the ground, the appellant's bill would lie to restrain him from cutting elsewhere; but the situation as presented to the learned chancellor below was a written agreement permitting the appellee to cut timber on land of which a vague sketch was attached to the agreement, the only limitation upon his right to cut being that he should not cut any hickory "nor cut beyond the western limits of the proposed railroad right of way as shown upon the attached sketch." Upon this agreement the appellant stands and asks that the appellee be restrained from cutting timber beyond the limits fixed by or in pursuance of it. By his answer and his testimony, he contends, as already stated, that, under

the terms of the agreement of January 22, 1901, he is entitled to all the timber on the tract south of the said right of way, excepting only the hickory timber thereon, and that he is cutting nowhere else.

The controlling question in the case is whether the appellee was acting within his rights under the agreement of January 22, 1901, at the time the appellant's bill was filed, but that is a matter of serious dispute between him and it, which, unfortunately, cannot be settled by the agreement itself, and it not having appeared that the appellee was invading a clear legal right of the appellant in cutting timber he alleges he has the right to cut under the agreement, the court below properly dissolved the preliminary injunction and dismissed the bill. Equity will not restrain an interference with a doubtful legal right involving disputed questions of fact. Before a complainant can invoke the aid of a chancellor in such case he must have his right determined in an action at law. Equity will restrain a threatened interference with the exercise of a right, without prior adjudication of it at law, only where it is clear and there is no serious dispute as to any of the material facts connected with it: Piro v. Shipley, 211 Pa. 36. If at the time this proceeding was instituted, or during its pendency, the question of the reserved rights of the appellant under the agreement of January 22, 1901, was pending on the law side of the court, the bill might have been retained and the defendant's hands stayed until those rights had been settled at law: Washburn's App., 105 Pa. 480; but as we have the record, no error is disclosed.

Decree affirmed at appellant's costs.