# Werdebach's Estate.

*Decedents' estates—Vendor and vendee—Contract to sell real estate—Specific performance—Tender of purchase money—Act of June 7, 1917, P. L. 486.*

1. Where time is not of the essence of a contract for the sale of land, an actual tender of the purchase money by the vendee prior to suit is not essential; under some circumstances it is enough that he

was ready and willing, and offered at the time specified, and even that he is ready and willing at the time of bringing the suit, and that he offers to perform in his pleading.

2. Where a vendor of real estate waives the time limitations as to settlement, and subsequently dies, the vendee, without making actual tender of the purchase money, may proceed in the orphans' court by petition as provided by the Act of June 7, 1917, P. L. 486, for specific performance of the contract.

3. Where one ready to make settlement of a contract of sale of real estate, has his arrangements to that end thwarted by the act or default, and subsequent death, of the opposite party, and, following that event, he seeks specific performance, full preparedness at the time of the final decree, is sufficient.

*Appeals—Findings and conclusions of law—Objection by appellee.*

4. Where a vendee of real estate appeals from a decree of the orphans' court dismissing his petition for specific performance, the vendor is not in a position on such appeal to attack findings and conclusions of the lower court in favor of the vendee.

5. Nor can the vendor attack the admissibility of evidence on which such findings and conclusions rested.

Argued February 11, 1924. Appeal, No. 160, Jan. T., 1924, by Blanche M. Abel, petitioner, from decree of O. C. Bucks Co., dismissing petition for specific performance, in estate of Joseph Werdebach, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Petition for specific performance of contract to sell real estate. Before RYAN, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Blanche M. Abel, petitioner, appealed.

*Errors assigned* were (1-6) dismissal of exceptions to findings and conclusions, quoting record.

*Joseph J. Broadhurst*, for appellant.—Time of settlement was waived: Welch v. Dick, 236 Pa. 155; VanKirk v. Patterson, 201 Pa. 90; Remington v. Irwin, 14 Pa.

143; Hatton v. Johnson, 83 Pa. 219; Eberz v. Heisler, 12 Pa. Superior Ct. 388.

No tender could have been made after vendor's death: Manzer v. Wycoff, 78 Pa. Superior Ct. 560; Gabel v. Whiteside, 242 Pa. 188; Mussleman's App., 65 Pa. 480; Tiernan v. Roland, 15 Pa. 429; Moore's Est., 22 Pa. C. C. R. 266.

Respondents are estopped from setting up lack of performance within the specified time, and lack of tender; Eberz v. Heisler, 12 Pa. Superior Ct. 388; Zents v. Lengard, 70 Pa. 192; Hill v. Epley, 31 Pa. 331; Miller's App., 84 Pa. 391; VanKirk v. Patterson, 201 Pa. 90.

*William A. Hayes,* with him *William Stuckert,* for appellees.—There was no tender of payment and no demand for or refusal to convey, either before or after the death of the vendor: Cassell v. Cooke, 8 S. & R. 296.

The time for the performance of the contract of sale having expired by limitation, it became incapable of being specifically enforced against plaintiff (vendee) by the vendor or his minor children and representatives: Heckman's Est., 236 Pa. 193; Doughty v. Cooney, 226 Pa. 337; McKuen v. Serody, 269 Pa. 284.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 10, 1924:

Blanche M. Abel, appellant, petitioned the orphans' court for a citation on the administrator c. t. a. of Joseph Werdebach, deceased, and on the guardian ad litem of certain minor children, devisees under his will, praying specific performance of a contract, in writing, entered into by decedent for sale to appellant of premises 3739 North Park Avenue, Philadelphia.

The contract bears date June 9, 1919, settlement to be made in six months; vendor died May 14, 1921; his will was probated and letters granted thereon in June, 1921; these proceedings were commenced the following month.

After hearing on bill, answer and replication, the court below found, inter alia, that, to the date of his death, the vendor had waived "the limitation as to time [for settlement] contained in the agreement of sale"; it, nevertheless, dismissed the petition, because of failure of vendee to make tender of the purchase money, concluding that a formal offer to pay. was a sine qua non to the relief sought. The validity of this ruling is the question now before us for determination.

Of course, if the vendor had lived, the formal, and, perhaps, necessary way for petitioner to put herself in a position to ask specific performance, would have been by an actual tender of the purchase money in cash; on the vendor's death, however, the situation became subject to the Fiduciaries Act of June 7, 1917, P. L. 486, 487, which, by section 18, clauses (a) and (b), provides that: "Where any person shall have, by contract in writing, agreed to sell and convey real estate......and [shall have] died seised or possessed thereof......it shall be lawful......for the......purchaser of such real estate......to petition the orphans' court having jurisdiction of the accounts of the executor or administrator of the deceased vendor......setting forth the facts of the case......[and] if the facts be sufficient in equity,—no sufficient cause being shown to the contrary, —[the said court shall have power] to decree specific performance......The......remedy by petition to the orphans' court shall......be exclusive." This power was originally granted to the orphans' courts by section 15 of the Act of February 24, 1834, P. L. 75, and, under the present statute, as under that one, "whenever a chancellor would......direct a conveyance to be made in discharge of a decedent's undertaking, the proper orphans' court is bound to interpose its statutory authority with like effect": McFarson's App., 11 Pa. 503, 508.

Since the contract still subsisted at vendor's death, and, owing to his conduct toward vendee, the date for its

final execution had become, in the words of the chancellor, "indefinite," or open, appellant proceeded properly, by petition to the court below, in order to obtain specific performance; and, vendor's personal representative having no power to convey until so authorized by decree, a tender of the purchase money to him before such authorization was not an essential prerequisite to appellant's right of petition.

Appellees make the point that the conclusion last stated would permit one to ask specific performance without the showing of readiness usually required, by way of a formal tender of the purchase money, and they contend that such cannot be the rule; but, in view of the above act of assembly and the facts here involved, there is no force in this contention. Pomeroy, in a note to section 1407 of his Equity Jurisprudence, p. 3341, speaking of the necessity of actual tender in contract cases where time is not of the essence, says, the rule "more in accordance with the principle of equity is that in such [cases] an actual tender or demand by the plaintiff prior to the suit is not essential; it is enough that he was ready and willing, and offered, at the time specified, and even that he is ready and willing at the time of bringing the suit, ......and that he offers to perform in his pleading." Vendee having averred that she is ready and willing to pay the purchase money, it must be assumed, under the circumstances shown by the present record, that she is, and will be, prepared to take advantage of the decree for specific performance, if, and when, it is entered in her favor.

We may add there was no claim of an intentional abandonment by vendee, either prior or subsequent to vendor's death, of her rights under the agreement of sale. The present petition was filed shortly after letters were granted on vendor's estate, and the court below found that, during the life of vendor, vendee told him she had "the purchase money ready"; that she more than once asked for the title papers, in order to arrange for set-

tlement, but had not obtained them; that vendor had, between the date of the contract and the time of his death, repeatedly informed vendee that "she should not worry about the matter, that the property was hers, that he was waiting for some papers relating to [it]......and that, when they came, he would bring her a deed." That eminent jurist the late Judge PENROSE, in Moore's Est., 22 Pa. C. C. R. 266 (affirmed in 191 Pa. 600) said, in substance: Where one, ready to make settlement, has his arrangements to that end thwarted by the act, or default, and subsequent death of the opposite party, and, following that event, he seeks specific performance, full preparedness "at the time of final decree" to do his part is sufficient. Though Moore's Estate and the present case differ in detail, the important facts above indicated are sufficiently like those at bar to warrant citing the former for the equitable principles involved, which are equally applicable here.

Finally, appellees' argument suggests dissatisfaction with the findings and conclusions of the court below as to the waiver by vendor of the limit of time for settlement contained in the contract of sale. Concerning this, it need only be said that those representing the vendor are not in a position to attack these findings and conclusions on the appeal of vendee in whose favor they were entered; for present purposes, the findings and conclusions under discussion must be accepted as made, and, again, the admissibility of the evidence on which they rest is no more open to attack by appellees than are findings and conclusions themselves.

The decree is reversed, at cost of the estate of decedent, and the record is remitted to the court below for further proceedings not inconsistent with this opinion.