## Hoss's Estate.

*Decedents' estates—Vendor and vendee—Specific performance of decedent's contract to convey real estate—Tender excused by repudiation of contract.*

1. The necessity for a tender does not exist where, in advance of the time for making settlement, the vendor repudiates his contract and informs the prospective purchaser that he will not comply with its terms; the law does not require useless things.

2. Where a married woman joins her husband in the execution of an agreement for the sale of real estate, she thereby bars her dower, and after the death of her husband, she may not decline to comply with the contract and sustain her declination upon the ground that no tender was made.

3. Where the vendor dies before the time for the performance of the contract of sale, the only person authorized to execute a deed and receive the purchase money is an administrator duly appointed and qualified; hence, tender cannot be made where the widow has not raised an administration on the estate.

4. Where one ready to make settlement has his arrangements to that end thwarted by the act or default and subsequent death of the opposite party, and, following that event, he seeks specific performance, full preparedness at the time of final decree to do his part is sufficient.

*Practice, O. C.—Specific performance—Decree should not direct party to take out letters of administration.*

5. A decree for the specific performance of a contract to convey real estate should not direct the vendor's widow to take out letters of administration, as the court could not enforce that part of the decree; the decree should provide, in lieu thereof, that if, within a given time, the widow should fail to apply for letters, the purchaser, who had filed a petition for specific performance, might make the application.

Exceptions to the report of Thomas J. Norris, Esq., master, recommending the specific performance of a decedent vendor's contract to sell real estate. O. C. Phila. Co., Oct. T., 1924, No. 3592.

*Loewenstein, Winokur & Baylson,* for petitioner; *Ladner & Ladner,* contra.

LAMORELLE, P. J., Oct. 30, 1925.—The report and supplemental report of the master on exceptions so thoroughly and effectively disposes of the respondents' contentions that little, if anything, need be added thereto.

Counsel, however, presses certain exceptions which, in effect, cover the propositions advanced by them, as appears from their statement of the questions involved. To quote:

"1. Where a vendor, under articles of agreement to sell real estate, dies within the term, can specific performance be decreed under petition filed after the expiration of the time limit where no tender is made?

"2. Where a husband, owning real estate, executes an agreement of sale, naming he [him] and his wife as principals, dies intestate within the time limit and no tender of either deed or purchase money is made to his widow, can she be decreed, upon petition for specific performance, to convey her dower consummate interest?"

Hoss's Estate.

The undisputed facts are that the husband and wife signed an agreement of sale under seal; that a check for $100 in their joint names was received and cashed by them; that purchaser had 120 days within which to pay the balance, to wit, $1600; that time was of the essence of the contract and the title was to be such as would be insured by any reputable title company; that within the time limit counsel for the respondents invited the purchaser to call at his office "regarding the property purchased some time ago from George Hoss, No. 1130 Myrtle Street;" and that when Katz, the purchaser, called at the office he was asked whether he would pay more for the property. This he refused to do. He was not then informed by counsel of the death of Hoss. That afterwards, and within the time limit, Katz or his agent fixed a time for settlement at the office of The Commonwealth Title Insurance and Trust Company, which company was insuring the title; that no one appeared on behalf of the respondents, and that when counsel was called on the phone, he replied that he would not attend and would not deliver title to the property, and then, for the first time, did Katz learn that Hoss was deceased. He then had the money in hand with which to make settlement, and previous to the date fixed a deed had been sent to one Rubin, through whom Katz obtained a description of the property which he had purchased from Hoss and his wife.

Afterwards, and again within the time limit, Katz's agent called upon counsel for the respondents and was informed by him that the property was worth more and that unless more was paid, Katz would not get the property.

On these facts the master submitted his decree, directing specific performance.

We are of opinion that none of the exceptions are well taken. The necessity for a tender does not exist where in advance of the time for making settlement the respondents repudiate their contract and inform the purchaser that they will not comply with its terms. The law does not require useless things: Whiteside v. Winans, 29 Pa. Superior Ct. 244, 249; and Douglas v. Hustead, 216 Pa. 292, 300.

The widow's dower was barred when she executed the agreement of sale. She has no independent standing. She may not through her counsel decline to comply with the contract and then take advantage of her declination because no tender was made. A tender could not be made in fact, in that the widow has not raised administration on the estate of her husband, and the only one authorized to execute a deed and receive the money is an administrator when appointed and qualified.

The record in this case further shows that at a meeting before the master the petitioner *did* tender to counsel for the respondents a deed and $1600 in cash, which tender was declined. On this point, what Mr. Chief Justice Moschzisker says in Werdebach's Estate, 280 Pa. 26, at page 31, is pertinent: "That eminent jurist, the late Judge Penrose, in Moore's Estate, 22 Pa. C. C. Reps. 266 (affirmed in 191 Pa. 600) said, in substance: Where one, ready to make settlement, has his arrangements to that end thwarted by the act or default and subsequent death of the opposite party, and, following that event, he seeks specific performance, full preparedness 'at the time of final decree' to do his part is sufficient. Though Moore's Estate and the present case differ in detail, the important facts above indicated are sufficiently like those at bar to warrant citing the former for the equitable principles involved, which are equally applicable here."

While the question is not raised by the pleadings or argued by counsel, it would seem from the decision in Cardon's Estate, 278 Pa. 153, that a purchaser, whose claim is based on a contract made in the lifetime of a decedent,

may proceed for specific performance of such contract against the heirs without, in the first instance, seeing that administration is raised on the estate. In the present case the parties to the record as respondents are the widow and the two children, one of them who is in his minority being represented by a guardian *ad litem* specially appointed.

We think, however, that so much of the decree submitted by the master as directs Elizabeth Hoss to take out letters of administration should be modified. Our reason is that this court could not enforce such part of the decree. The decree should provide that if, within a given time, say ten days, the widow shall fail to apply for letters, petitioner may make such application.

The prayer of the petition is granted; costs to be paid out of the estate. Counsel will prepare a decree in accordance with what is said in this opinion.