Hartman, Appellant, *v.* Pennsylvania Water & Power Company.

Argued December 3, 1934.   Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Jas. N. Lightner,* for appellant.

*G. T. Hambright,* with him *John E. Malone,* for appellee.

OPINION BY MR. JUSTICE DREW, January 7, 1935:

Plaintiff filed her bill for an injunction against the defendant, averring that she was the owner of certain lands and flowage rights on Pequea Creek, in Lancaster County, by a deed from Cora M. Bixler, that since the year 1911 defendant had repeatedly flooded these lands by the use of flashboards on a dam maintained by it across the Susquehanna River, of which the creek is a tributary, and that it had threatened to do so again, and would do so unless restrained by the court. Defendant, in its answer, denied that plaintiff was the owner of said lands and flowage rights and stated that, on the contrary, it was the owner thereof by deeds from Colemanville Water & Power Company and Anna W. Shoff and that it and its predecessors in title had been in the continuous possession, use and occupancy of the lands and flowage rights. By way of new matter it alleged that it had used flashboards in the manner stated continuously since 1911, that plaintiff and those through whom she claimed title had failed to bring any action or take any steps in opposition, and that it therefore had a prescriptive right to use flashboards and plaintiff was barred by laches from objecting thereto. It also stated that on April 30, 1900, Frederic Shoff and Christian Shoff, through whom, it was averred, plaintiff claimed, granted by indenture to John W. Holman and George B. Willson, their heirs and assigns, the right to erect, repair and maintain a dam or dams in the Susquehanna River opposite, below or in the vicinity of the premises claimed by plaintiff, and the right to swell the water along its entire river front to such height as they should desire, which rights, it was alleged, had been assigned to defendant. In her replication plaintiff de-

nied that the use of flashboards had been continuous, averred that the delay in bringing action had been due to offers of settlement or purchase by defendant, and stated that it was understood between the Shoffs and Holman and Willson at the execution of the indenture between them that the dam to be placed across the Susquehanna was to be upstream from the mouth of the creek. Defendant filed a pleading called an "answer raising preliminary objections to plaintiff's reply," averring, inter alia, that under the pleadings it appeared that plaintiff's bill was simply an ejectment bill. The chancellor, after argument and due consideration, concluded that the controversy involved the legal title to land, which would have to be determined at law. Accordingly, he entered an order certifying the cause to the law side of the court under the Act of June 7, 1907, P. L. 440, section 2, and from that order plaintiff appealed.

It is well settled that equity will not interfere to protect a legal right the existence of which is in doubt and which rests upon disputed questions of fact: Miles Land Co. v. Pa. Coal Co., 231 Pa. 155; Wilmore Coal Co. v. Holsopple, 251 Pa. 268; see Piro v. Shipley, 211 Pa. 36. Before a plaintiff can invoke the aid of a chancellor in such case he must establish his right in an action at law. The instant situation is clearly within this rule. The material allegations of the bill setting forth the legal right which plaintiff seeks to have protected are denied by defendant, and denied by statements of fact, not mere conclusions of law. It is true that equity will protect a legal right which has not been established at law, where it is clear and there is no serious dispute as to any of the material facts (Piro v. Shipley, supra), or where it is admitted (Bitting's App., 105 Pa. 517); but such is not this case. In Woelpper v. Pa. Water & Power Co., 250 Pa. 559, relied on by plaintiff, there was no denial of the right, as we expressly pointed out. Nor is it true that the issue as to plaintiff's right de-

pends solely upon the construction of the indenture of April 30, 1900, as she contends. Even if it were determined that the indenture has no application to Pequea Creek, as is argued by her, defendant's claim of title to the lands would still remain.

Plaintiff's argument that there is no adequate remedy at law for the injury alleged by her is entirely irrelevant to the present situation. She is not told that she has no remedy in equity, but simply that she must establish her right at law before she can have it protected in equity. Likewise her contention that a question as to equity jurisdiction must be determined from the averments of the bill alone is not well taken. The question here is not whether equity has jurisdiction over the case stated by the bill, but whether, because plaintiff's right is disputed, she must first establish it at law.

Defendant contends that the court below should have dismissed the bill on the ground of laches instead of certifying it to the law side. However, since plaintiff alone has appealed, defendant is not now in a position to object to the action of the court below: Bowser v. Citizens Light, Heat & Power Co., 267 Pa. 483; Werdebach's Est., 280 Pa. 26; Dunsmore v. Franklin Fire Ins. Co., 299 Pa. 86.

Order affirmed at the cost of appellant.