In Re: Appeal To The Commonwealth Court of Pennsylvania From the Order of the Court of Common Pleas of Warren County, Pa. etc. Louis Paul Pesante, t/a Louis Pesante Restaurant, Appellant.

Submitted on briefs November 16, 1983, to Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Edward P. Zemprelli,* with him, *Robert V. Campedel, Zemprelli, Clipper and Campedel,* for appellant.

*Eileen S. Maunus,* Assistant Counsel, with her, *Gary F. DiVito,* Chief Counsel, for appellee.

OPINION BY JUDGE WILLIAMS, JR., May 3, 1984:

In June of 1981, the Pennsylvania Liquor Control Board (Board) entered a decision denying the application of Louis P. Pesante for a restaurant liquor license. When the Board's decision was affirmed by the Court of Common Pleas of Warren County, Pesante filed the instant appeal from the trial court's order.

On December 30, 1980, Louis Pesante applied to the Board for a retail liquor license, to be used in connection with a new, "family-style" restaurant he was proposing to build in Sheffield Township, Warren County. According to Mr. Pesante, his restaurant would have plush appointments, table service and piped-in music; would be open seven days a week; and would be a place to which an entire family could go. At the time of Pesante's application, Sheffield Township had a legal quota of one retail liquor license, as was mandated by the terms of Section 461(a) of the Liquor Code (Code).[1] There were two existing restaurant liquor licenses, which counted against the Township's quota. In addition, there were three hotel liquor licenses, one club license, and one club retail dispenser license: none of which counted against the quota.

Although the municipality's quota was already exceeded, Mr. Pesante based his application on Section 461(b) of the Code,[2] which provides that: "The [B]oard shall have the power to increase the number of licenses in any such municipality which in the opinion of the [B]oard is *located within a resort area.*" (Emphasis added.)

At a hearing before the Board, Pesante presented testimonial and epistolary evidence intended to support his contention that Sheffield Township is a resort

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-461(a).
[2] 47 P.S. §4-461(b).

area, and that there is an actual need for the type of licensed establishment he proposed. Pesante's evidence notwithstanding, the Board rejected his application on the grounds that (1) he had failed to show convincingly that the location of the proposed restaurant is in a resort area, and (2) he had failed to demonstrate an actual need for an additional retail liquor license in the Township. Pesante followed with an appeal to the Court of Common Pleas of Warren County, which heard the matter *de novo*.

In the proceedings before the trial court, Pesante again adduced testimonial evidence and some of the letters he had presented at the Board hearing. According to the applicant's evidence, Sheffield Township is in the center of Allegheny Federal Forest; and is 16 miles from the Kinzua Dam, around which camping grounds and other recreational facilities have been created. A witness who worked at the Kinzua Dam testified that more than a million people visited that site in 1980, the year in which Pesante applied for a liquor license. This witness added that Sheffield Township is one of the major approaches to the Kinzua Dam. Trout streams and hunting grounds were also included on the list of recreational attractions in or accessible from the Township.

Additional testimony on behalf of Pesante represented that, in 1980, the population of Sheffield Township increased from 2,655 to over 6,000 during the "tourist season," which was described as extending from the beginning of the fishing season in April to the end of the hunting season in December. Pesante himself testified that there were 1496 assessed properties in the Township, and that 20% of them were owned by seasonal visitors. Another Pesante witness, the owner of a five-and-dime store in the Township, stated that the seasonal influx of transients kept him in business.

In further support of Pesante's application, several witnesses, who either resided, worked or owned a business in Sheffield Township, offered an opinion that the Township area was in need of a "family-style" restaurant which could also serve alcoholic beverages. In this regard, the main thrust of the testimony was as follows: that, within Sheffield Township, there was no dining establishment which offered the combined accommodations of (1) being open to the public on Sundays; (2) providing a dining atmosphere suitable for an entire family, including children; and (3) being able to serve alcoholic beverages to adult family-members who wished to have such a drink with their meals. There was further testimony that tourists and other visitors passing through the Township on week-ends, travelling to and from Kinzua Dam or other recreational sites, would inquire if there was a liquor-licensed family restaurant that was open on Sunday.

Neither of the two existing *restaurant* licensees was open on Sundays. Indeed, according to a Board enforcement officer, whose testimony was elicited as part of Pesante's case, one of the two restaurant licensees had closed its business completely. The enforcement officer also pointed out that whatever facilities the *club* licensees had were not open to the general public. Pesante's evidence did not include a specific and factual description of the dining accommodations at any of the three *hotel* licensees.[3] However, at least two of his witnesses did testify that, in Sheffield Township, there was *no* dining establishment at all that was open on Sundays. In describing the situation, one of these witnesses said: "[T]here's just absolutely no place to eat anywhere within probably 20 to 25 miles radius on a Sunday. ..."

---

[3] One witness stated that he *thought* the hotels served dinner only on Fridays. This witness also conceded that he *did not go to the hotels*.

The Board presented no evidence at trial to rebut the assertions of Pesante's witnesses, or to disprove anything else that had been adduced in support of his case. In fact, the Board's evidentiary participation before the trial court was restricted to presenting a copy of Pesante's application and the transcript of the administrative hearing, neither of which contained anything to contradict the applicant's trial evidence. In sum, his evidence was undisputed.[4]

By an opinion and order dated August 27, 1981, the trial court rendered a decision in the matter. The court concluded, first of all, that the site of Pesante's proposed restaurant *is* in an area that qualifies as a "resort area" within the meaning of Section 461(b) of the Code. Although the court's specific factual-findings are difficult to identify and isolate, its conclusion on the "resort area" issue seems to have been based on two elements: (1) the applicant's evidence concerning the seasonal influx of people drawn to the area's recreational attractions; and (2) a prior decision by the same common pleas court holding that a certain other municipality, which is contiguous to Sheffield Township, is in a "resort area" because of its geographic relationship to the same recreational sites.

In addressing the question of whether another liquor license was needed in Sheffield Township, the trial court set forth what it considered to be the central ingredient of Pesante's evidence on the issue: that none of the existing liquor-licensed dining establishments was open on Sundays. The court also observed that the applicant's evidence had not been contradicted by the Board. However, the court did not set forth any identifiable findings of fact relative to the foregoing evidence; and in no way indicated whether

---

[4] Trial counsel for the Board did not even cross-examine the applicant's witnesses.

that evidence was accepted or rejected. Instead, the court held, as the Board had argued, that such evidence was not sufficient to prove a "necessity" for an additional liquor license in the Township. In so concluding, the court determined that Pesante had failed to show that the existing licensees "cannot serve the public." The court also pointed out that Pesante could not be compelled to keep his restaurant open on Sundays; and that if he elected to be closed that day, the same accommodation problem would continue.

Based on the above resolution of the "necessity" issue, the trial court entered an order affirming the Board's decision. The instant appeal by Pesante followed.

Obviously, to warrant the granting of an additional liquor license pursuant to the "resort area" provision of Section 461(b) of the Code, the premises for which the license is sought must be in a "resort area." *Bierman Liquor License Case*, 188 Pa. Superior Ct. 200, 145 A.2d 876 (1958). Also, it must be clear that there is an "actual need," and that the licensed premises already in business are not adequately equipped to supply the need of those frequenting the area. *Willowbrook Country Club, Inc. Liquor License Case*, 409 Pa. 370, 187 A.2d 154 (1962). One who applies for a liquor license under Section 461(b) has the burden of proving each of the foregoing elements. *Daras Liquor License Case*, 65 Pa. Commonwealth Ct. 456, 442 A.2d 859 (1982); *Appeal of Brandywine Valley Inn, Inc.*, 53 Pa. Commonwealth Ct. 203, 417 A.2d 823 (1980).

Needless to say, appellant Pesante does not challenge the trial court's conclusion that the site of his proposed restaurant is in a "resort area." As might be expected, his present appeal has a single target: the trial court's decision that he had not shown a necessity for an additional liquor license. The Board, however, has asked us to review and reverse the "re-

sort area" part of the decision below. Yet, the Board has raised that issue only in its capacity as *appellee* in the instant appeal; and has not filed a *cross-appeal*. It is well settled that, without taking a cross-appeal, an appellee cannot raise issues decided adversely to it. *Pennsylvania Human Relations Commission v. Chester Housing Authority,* 458 Pa. 67, 327 A.2d 335 (1974); *Werdebach's Estate,* 280 Pa. 26, 124 A. 268 (1924); *Keller v. Scranton,* 200 Pa. 130, 49 A. 781 (1901); *Royal-Globe Insurance Companies v. Hauck Manufacturing Co.,* 233 Pa. Superior Ct. 248, 335 A.2d 460 (1975); *Accord, Swarb v. Lennox,* 405 U.S. 191 (1972). This principle precludes us, in the instant case, from reviewing the trial court's decision on the "resort area" issue. Consequently, the only issue properly before us is the one that the *appellant* has raised—the question of whether he sufficiently demonstrated an "actual necessity" for an additional liquor license.

In the *Willowbrook Country Club* case, the Pennsylvania Supreme Court held that, in determining the need for an additional liquor license in a resort area, the term "actual necessity" will be given a broad construction, so as to mean a substantial need in relation to the pleasure, convenience and general welfare of the persons who would make use of the facility. 409 Pa. at 375, 187 A.2d at 156. The other consideration, according to *Willowbrook,* is the ability or inability of existing licensed premises—in terms of their number and character—to serve that need during those seasons of the year when there is an influx of people to the area.

It would seem, then, that the inquiry into "necessity" must focus on the need for the accommodations and service of the facility that is proposed for licensing; and on the capability of the existing licensed establishments—given their number and type—to sup-

ply that need. *Willowbrook* (catering-club liquor license granted to country club in area that had only small taverns); *Daras* (restaurant liquor license granted to restaurant which would be only such licensee open 7 days a week and serving breakfast, lunch and dinner); *Brandywine Valley Inn* (restaurant liquor license granted to restaurant which would be only one in area capable of accommodating a few hundred people at a single seating). In short, the real question is whether the applicant can add a needed service when and where the existing licensed premises cannot. *Id.; Pennsylvania Liquor Control Board v. Struder*, 20 Pa. Commonwealth Ct. 494, 342 A.2d 807 (1975).

As noted, the facility proposed by applicant Pesante is a restaurant which, among its other amenities, would be open on Sundays, would offer dining accommodations suitable for an entire family, and would have alcoholic beverages available for adult family-members. According to the applicant's uncontradicted evidence, tourists, and other transients passing through Sheffield Township sought a dining facility that offered such a *combination* of services, and none of the existing liquor-licensed dining establishments provided it. Indeed, according to the applicant's undisputed evidence, none of the licensed establishments even provided Sunday food-service. In our view, Pesante's evidence before the trial court was, if credited, sufficient to show an "actual necessity" for the liquor-licensed restaurant he proposed to establish. As an additional matter, we deem it inappropriate for the trial court to have concerned itself with the possibility that Pesante might also elect to close his business on Sundays. It is difficult to see how that possibility would *negate* a present need. Furthermore, such a possibility could be perceived for any person applying for a license under Section 461(b) of the Code.

However, we do not have the factfinding function in this case; the trial court did. Although we might consider it significant that the applicant's evidence was undisputed as to the nonexistence of Sunday dining facilities, the lack of contradiction on that point did not compel the trial court to accept the evidence as true. *Cooper v. Columbia Gas of Pennsylvania, Inc.,* 433 Pa. 179, 184, 248 A.2d 852, 854 (1969) ; *Archer Estate,* 363 Pa. 534, 70 A.2d 857 (1950). Yet, the trial court did not set forth any specific factual-findings as would indicate whether or not it accepted the applicant's evidence concerning the state of Sunday dining accommodations in Sheffield Township. Without such findings, we cannot properly decide the "necessity" issue as it is presented by the circumstances of this case.

Therefore, we must remand this matter to the court below; and direct the court to make express findings of fact concerning the number and type of liquor-licensed dining establishments, in Sheffield Township, that are open on Sundays.

### Order

And Now, the 3rd day of May, 1984, the order of the Court of Common Pleas of Warren County in the above matter is hereby vacated; and the record is remanded for proceedings consistent with the annexed opinion. Jurisdiction relinquished.

Judge MacPhail dissents.