**CHADDS FORD TAVERN, INC., Petitioner,**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 21, 1999.

Decided Aug. 11, 1999.

Steven R. Sparks, Media, for petitioner.

Robin Coward, Conshohocken, for respondent.

Before COLINS, President Judge, and McGINLEY, J., and KELLEY, J.

COLINS, President Judge.

Chadds Ford Tavern (Tavern) petitions for review of the Pennsylvania Liquor Control Board's (PLCB) order granting Chadds Ford Hospitality Group's (an intervenor in this matter) application for a new restaurant liquor license under the resort exception to the statutory license quota.

Chadds Ford Hospitality Group applied for a restaurant liquor license for its establishment located at 95–D Baltimore Pike, Chadds Ford Township, Delaware County. Chadds Ford Tavern, located at 95–A Baltimore Pike, is within 200 feet of the premises for which the license was sought. The Tavern holds a restaurant liquor license, and it opposed the grant of the license to the Hospitality Group.

The PLCB held a hearing on the application to address seven objections, including those raised by the Tavern. Among the matters the Board sought to address were Chadds Ford Township's statutory quota of one liquor license. The township already has six restaurant liquor licenses, which are counted against the quota, and two hotel liquor licenses, which are not counted against the quota. The Board

also sought to address the objection that the premises for which the license was proposed is within 200 feet of the Tavern, a licensed establishment. The Hospitality Group sought consideration of its application under the Liquor Code's[1] resort area provisions, so the Board took evidence on the issue of whether there was a necessity for an additional restaurant liquor license.

The Board found that there were twelve licensed establishments within a 5-mile radius of the premises sought to be licensed, and eight licensed premises within the township. At a hearing, the Hospitality Group presented testimony of a local real estate broker, Salvatore Gambone, III, and Charles Schweitzer, an employee of the county's convention and visitors bureau. It also presented detailed evidence as to the types of food served at existing establishments, their hours of operation, and the clientele that they attract. Frank Perko, president of Hospitality Group, testified that its restaurant would serve a Caribbean menu with creole and mediterranean influences that would be different from the food served at other establishments; that it would serve breakfast, which is served by only two other establishments; and that it marketed itself to tourists, many of whom had requested alcoholic beverages and some of whom had left the restaurant upon learning that it did not serve alcoholic beverages.

After considering all of the evidence, the Board concluded that "there is no question that there is a necessity for an additional license in Chadds Ford Township." (Board opinion, p. 17.) The Board went on to explain,

> There are no other licensed establishments located in close proximity to Applicant featuring a Caribbean style cuisine. Nor are any of the other licensed establishments decorated with a Carib-

bean motif. The proposed licensed premises is also located in a commercial area which receives many tourists due to the number of local attractions. One of the current licensed establishments experiences waiting lines of two to three hours. In fact, Applicant promotes its business to tourists. Moreover, Applicant is one of only three establishments that offers breakfast in the area and Applicant's breakfast menu is different than the menus offered by the other two establishments. The unique nature of Applicant's restaurant along with the large tourist trade to the area demonstrate the need for Applicant's establishment in Chadds Ford Township.

(Board opinion, pp. 17–18.)

On appeal,[2] the Tavern argues that the PLCB erred in granting the Hospitality Group's license because it failed to prove an actual need for an additional license, failed to produce evidence of the extent of tourism in the area, and failed to prove that existing licensed establishments could not meet the needs of tourists. The Tavern also argues that the PLCB should not have granted the license based solely on the fact that the applicant's premises is within 200 feet of an existing licensed establishment.

■ Pursuant to Section 461(b) of the Liquor Code, 47 P.S. § 4–461(b), the PLCB has the power to increase the number of licenses in any municipality that in the PLCB's opinion is located within a resort area. An applicant seeking a license under this resort area exception to the statutory quota has the burden of establishing 1) that its premises are located within a resort area and 2) that there is an actual need for an additional license in the area. *West Reading Tavern v. Pennsylvania Liquor Control Board,* 710 A.2d 648 (Pa.Cmwlth.1998). As to the first ele-

---

1. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101–8–803.

2. Our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether the administrative agency committed constitutional violations or errors of law. 2 Pa.C.S. § 704.

ment, the Courts have required that the applicant demonstrate a seasonal influx of transients such that the existing licensed establishments cannot adequately accommodate the tourists' needs and that the additional licensee would serve primarily the transient population and not area residents. *Id.*

■ The factors to be considered in determining actual need for an additional licensee are 1) the need of persons who will use the facility; 2) the number and types of establishments already present; and 3) whether the clientele to be served is different from that served by existing licensees. *Id.* The courts have broadly construed the term "actual need" to mean a substantial need in relation to the pleasure, convenience, and general welfare of the persons who would make use of the facility; that is, whether the facility can add a service that the present licensees cannot. *Id.*

■ Because Chadds Ford Township had previously been determined to be a resort area,[3] the Hospitality Group needed only to produce evidence of actual need for an additional license. The record amply supports the PLCB's conclusion that the Hospitality Group met its burden of showing a substantial need in relation to the pleasure and convenience of persons who would frequent its restaurant and that its restaurant adds a service that the present licensees cannot. The PLCB based its findings and conclusions on substantial evidence as to the restaurant's location and proximity to other licensed establishments, its unique cuisine and décor, its promotion directed to tourists, and the fact that it offers services the other establishments do not. Based on substantial, detailed evidence,[4] the PLCB found that the Hospital-

ity Group's restaurant would not be in direct competition with the Tavern, which serves primarily a local clientele.

■ Our broad construction of "actual need" in the context of resort area licenses, as applied most recently in *West Reading Tavern*, is one of long standing, and we are constrained from now holding the Hospitality Group to the more onerous standard urged by the Tavern. An applicant simply need not show that as a result of the influx of tourists the current licensed establishments are *incapable* of serving, or inadequately equipped to serve, the needs of those tourists along with the local clientele. Similarly, the applicant need not show a need of tourists for the applicant's unique services or cuisine. Actual need is based on the pleasure and convenience of the tourists and the applicant's ability to provide an additional service. *West Reading Tavern; Appeal of Pesante*, 82 Pa.Cmwlth. 242, 476 A.2d 474 (1984).

■ Finally, we reject the Tavern's argument that the PLCB should not have granted the license based solely on the fact that the applicant's premises are within 200 feet of an existing licensed establishment. It is beyond question that the PLCB may in its discretion grant a new license even when the premises is within 200 feet of another licensed establishment. Section 404 of the Liquor Code, 47 P.S. § 4-404; *West Reading Tavern*. The PLCB's exercise of its discretion may not be disturbed on appeal. *West Reading Tavern*.

Accordingly, the order of the PLCB is affirmed.

3. PLCB Licensing Analyst Paul St. Germain testified that the PLCB had determined that Chadds Ford Township was a resort area in the context of two other license applications that were approved on that basis. (Notes of Testimony, p. 9–10; Finding of Fact No. 9.)

4. The record contains testimony and exhibits detailing, for each licensed establishment, its hours of operation, menu and pricing, information on their clientele, such as their ages, whether they are primarily local or tourist, and numbers served.

## *O R D E R*

AND NOW, this 11th day of August, 1999, the order of the Pennsylvania Liquor Control Board in the above-captioned matter is affirmed.