Turner, Appellant, *v.* Pennsylvania Liquor Control Board.

Argued April 14, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Maurice J. Coughlin,* for appellant.

*Samuel J. Roberts,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY RHODES, P. J., July 17, 1947:

The Pennsylvania Liquor Control Board issued to Frances Turner a restaurant liquor license under the provisions of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reënacted and amended, 47 PS 744—1 et seq.

On December 17, 1945, the board issued citations directed to the licensee to show cause why the license should not be revoked and the bond forfeited by reason of the violations alleged in the citations.

After hearing, the board found that the licensee, her servants, agents, or employees sold liquor and malt or brewed beverages to visibly intoxicated persons, and that the violations alleged in the citations were established by the evidence. See section 602 (5) of the Act of 1933, P. L. 15, as reënacted and last amended by the Act of May 21, 1943, P. L. 403, 47 PS 744—602 (5). The board revoked the license but did not forfeit the

license bond. See section 410 of the Act of 1933, P. L. 15, as reënacted and last amended by the Acts of April 16, 1943, P. L. 60, No. 37, and May 27, 1943, P. L. 688, 47 PS 744—410.

The board, in its opinion, found that the licensee had previously been cited and punished for violations of the Liquor Control Act, and orders of suspension entered which were either rescinded on acceptance of an offer in compromise or complied with by the licensee. Licensee appealed from the board's order of revocation to the court below, which, after hearing de novo, sustained the action of the board. This appeal by the licensee followed.

Appellant contends that there was no competent evidence to support an order of revocation. We find no basis for this contention.

Appellant attacks the competency of the enforcement officers to express their opinions that sales of alcoholic beverages were made to persons visibly intoxicated. The witnesses described the premises, the people there at the time, and the actions and conduct of the individuals to whom intoxicating beverages were served by appellant or her employees. The facts stated afforded a reasonable basis for the opinions expressed, and the opinions were consistent with the stated facts. We find no reason why the witnesses should not have been permitted to express their opinions or beliefs as to the intoxication of the individuals whose conduct they also described when served with alcoholic beverages by appellant or her employees. Intoxication is a matter of common observation on which the opinions of nonexperts are generally admissible. *Com. v. Eyler,* 217 Pa. 512, 518, 66 A. 746; *Com. v. Rouchie et al.,* 135 Pa. Superior Ct. 594, 605, 7 A. 2d 102; *Laubach et al. v. Colley,* 283 Pa. 366, 370, 129 A. 88.

Appellant's principal argument seems to be that the order of revocation is not supported by competent

evidence in that the enforcement officers did not identify the visibly intoxicated persons by name and/or place of residence. The fact sought to be established was the sale of alcoholic beverages to visibly intoxicated persons. On this subject the enforcement officers were competent witnesses and their testimony was admissible. Cf. *Com. v. Hildebrand,* 139 Pa. Superior Ct. 304, 308, 11 A. 2d 688. It was not a prerequisite to the admissibility of such testimony that the names of the persons observed to be visibly intoxicated should be obtained and given. Appellant's argument—that, under the law, it is necessary protection to the licensee that the officers either ask the visibly intoxicated persons to disclose their names and addresses, or follow them to their homes—is without merit. A purpose of the Liquor Control Act is to regulate and restrain the sale of alcoholic beverages and not to promote it. The name obtained from an intoxicated person might be as uncertain as his route homeward.

Appellant having been previously cited and penalties having been imposed for sales of liquor to visibly intoxicated persons, and for other liquor law violations, such violations were properly considered by the board in imposing a penalty for the violations here involved. *Elite Social Club and Debating Society Liquor License Case,* 156 Pa. Superior Ct. 457, 460, 40 A. 2d 883. In fact, a license may be revoked where the circumstances warrant it on a first violation. *Ajax Club Liquor License Case,* 153 Pa. Superior Ct. 473, 34 A. 2d 326.

The court below having heard the matter de novo found the facts in accordance with the findings of the board; such facts being unchanged from the board's findings, the penalty imposed by the board could not be disturbed. *Pacewicz Liquor License Case,* 152 Pa. Superior Ct. 123, 127, 31 A. 2d 361.

There was ample competent evidence to support the order of the board and the order of the court below; and

we find nothing that would justify the reversal of the court's order. See *Askounes' Liquor License Case*, 144 Pa. Superior Ct. 293, 301, 19 A. 2d 846; *Com. v. Lyons*, 142 Pa. Superior Ct. 54, 57, 15 A. 2d 851.

Assignments of error are overruled, and the appeal is dismissed, at the cost of appellant.