## Ortuglio Liquor License Case.

Argued October 5, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Horace A. Segelbaum*, Deputy Attorney General, with him *Andrew G. Uncapher*, Special Deputy Attorney General, and *T. McKeen Chidsey*, Attorney General, for appellant.

*Joseph M. Loughran* did not appear nor file a brief for appellee.

PER CURIAM, November 9, 1948:

The holders of a restaurant liquor license appealed to the Court of Quarter Sessions of Westmoreland County from an order of the Pennsylvania Liquor Control Board suspending the license for a period of ninety days. The court of quarter sessions made an order sustaining the appeal and modifying the board's order of suspension to thirty days. The Liquor Control Board has appealed to this Court.

The board, having issued a citation to the licensees to show cause why their license should not be revoked and the bond forfeited for alleged violations therein set forth, after hearing, found that the evidence established the following facts: (1) That the licensees sold

liquor and malt or brewed beverages on Sunday; (2) that they sold liquor and malt or brewed beverages to visibly intoxicated persons; (3) that they sold malt or brewed beverages for consumption off the licensed premises in excess of seventy-two fluid ounces in a single sale to one person; (4) and that they permitted a female to serve alcoholic liquor behind the bar. See sections 411, 412, 602 (5), 602 (24) of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reënacted and amended, 47 PS §§744-411, 412, 602 (5), 602 (24); Act of July 18, 1941, P. L. 408, 37 PS §55.

The board entered an order of suspension as provided by section 410 of the Act of 1933, as reënacted and amended, 47. PS §744-410. It was stipulated and agreed between counsel for the board and counsel for the licensees that the court of quarter sessions dispose of the appeal upon the testimony taken before the board's examiner.

The evidence was sufficient to warrant the findings made by the board, and the court of quarter sessions did not find the facts to be otherwise than found by the board. Its order setting aside the board's order and reducing the penalty from a ninety-day suspension to a thirty-day suspension is arbitrary and capricious. The court is apparently unmindful of the decisions of this Court relating to the duty and power of the court of quarter sessions on appeal from an order of the Pennsylvania Liquor Control Board suspending or revoking a license under section 410 of the Act of 1933, as reënacted and amended, 47 PS §744-410. The court below in setting aside the order of the board and reducing the penalty imposed by the board predicated its action solely on the ground that this was the first offense of the licensees. The board's findings were unchanged, and consequently the penalty imposed by the board must stand. *Andracchio Liquor License Case,* 160 Pa. Superior Ct. 74, 77, 49 A. 2d 843; *Turner v. Pennsylvania Liquor Control Board,* 161 Pa. Superior Ct. 16, 19, 53 A. 2d 849.

We have held that a license may be revoked on the first citation for the violation of the Liquor Control Act. *Ajax Club Liquor License Case*, 153 Pa. Superior Ct. 473, 474, 34 A. 2d 326.

The order of the court below is reversed, and the order of the board is reinstated. Costs to be paid by appellees.