## Hirsh Liquor License Case.

Argued January 14, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

· *G. I..Bloom*, with him *Bloom & Bloom* and *Ray, Col-dren & Buck*, for appellant.

*Russell C. Wismer*, Special Deputy Attorney General, with him *Horace A. Segelbaum*, Deputy Attorney General, *T. McKeen Chidsey*, Attorney General, and *Andrew G. Uncapher*, Special Deputy Attorney General, for appellee.

OPINION BY DITHRICH, J., March 15, 1949:

The chief burden of appellant's argument on this appeal from the affirmance by the Court of Quarter Sessions of Fayette County of the order of the Liquor Control Board revoking his liquor license is that there was not sufficient competent evidence to justify the order.

The appeal being in the nature of a certiorari, our duty is to determine whether the court below abused its discretion or committed an error of law. "If there is competent evidence to support the order appealed from, it is not our province to weigh it and determine the facts": *Martin's Grill, Inc: Liquor License Case,* 149 Pa. Superior Ct. 185, 187, 27 A. 2d 293.

For the segregation of the colored from the white patrons of the premises, 40 Market Street, Brownsville, Fayette County, known as the Union Tavern, for which appellant had a restaurant liquor license, he had provided a separate upstairs room designated and known as the "loft." It was a room eighteen feet wide and twenty feet long, with a ceiling a little less than nine feet in height. In this small room the colored patrons of the tavern were accustomed to gather in large numbers.

The citation issued by the Liquor Control Board charged the licensee with selling liquor to persons visibly intoxicated; permitting gambling on the premises; permitting a female to tend bar; operating the establishment in a disorderly manner and in an unsanitary condition. While the evidence, in our opinion, as to cer-

tain of the charges may have been insufficient, the evidence as to the most serious charges, to wit, selling to persons visibly intoxicated and operating the place in a disorderly manner, was ample. All of the violations occurred in the "loft" provided for the colored patrons, separate and apart from the barroom on the first floor where the white patrons were served. This segregation of the colored from the white patrons was an egregious mistake on the part of the licensee, for which he cannot escape responsibility by saying that the Liquor Control Board approved the plans for the alteration of the premises to permit the construction of the "loft." The approval of the plans did not carry with it approval of the use to which the addition was to be put, and certainly not the lax manner in which the licensee allowed that part of his establishment to be operated. Although the colored patrons were not permitted to mingle with the white patrons in the barroom, the white patrons were permitted to mingle with the colored patrons in the "loft."

The guiding principle in appeals of this nature, a principle from which this Court has never departed, was enunciated by former President Judge KELLER in *Pacewicz Liquor License Case,* 152 Pa. Superior Ct. 123, 31 A. 2d 361. At pages 128 and 129 he said—and we admonish those persons to whom the privilege of dispensing intoxicating beverages or liquors has been granted to be mindful of his words: "For many, many years it has been unlawful in this Commonwealth for a licensee to sell intoxicating liquors to minors, *to persons visibly intoxicated,* or on Sunday. Those were the violations most common in pre-prohibition days and they were influential causes in bringing about the experiment of Prohibition. Such violations of the law are just as harmful, both to the public and to law-abiding licensees, now as they were then; and it was proper that the Liquor Control Board should have come to a realization of the fact that they must be stopped and that the

most effective way of doing it is to revoke the license." (Emphasis added.)

So long as that continues to be the policy of the Liquor Control Board, it will not be disturbed on appeal to this Court where there is competent evidence, as in the instant case, to support it.

In one of our latest pronouncements we said, speaking through President Judge RHODES, in *Turner v. Pennsylvania Liquor Control Board*, 161 Pa. Superior Ct. 16, 18, 19, 53 A. 2d 849: "Appellant contends that there was no competent evidence to support an order of revocation. We find no basis for this contention. . . . The fact sought to be established was the sale of alcoholic beverages to visibly intoxicated persons. On this subject the enforcement officers were competent witnesses and their testimony was admissible."

The appeal from the order of revocation was heard de novo by President Judge CARR, who upon the conclusion of the testimony directed that the case be placed upon the argument list. After argument before the court en banc, the following order was entered: "And now, October 1, 1948, upon consideration of the foregoing case, *we affirm the facts to be as found by the Liquor Control Board*, and accordingly the order . . . revoking the Restaurant Liquor License . . . issued to the appellant . . . is hereby sustained and the appeal dismissed, at the cost of the appellant." (Emphasis added.)

Appellant filed in all nine assignments of error, but the only other one meriting comment is the eighth, that the court erred "in not making findings of fact and writing an Opinion in accordance with the testimony introduced . . . this being a hearing de novo." Since the court en banc affirmed the facts as found by the Liquor Control Board, there was no necessity for the court to make specific findings.

All of the assignments of error are overruled and the appeal is dismissed at the cost of appellant.