Midway Athletic Association Appeal.

Argued March 20, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Joseph Patrick Gorham,* for appellant.

*Russell C. Wismer,* Special Assistant Attorney General, with him *Horace A. Segelbaum,* Assistant Attorney General, and *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY ERVIN, J., April 16, 1959:

This is an appeal from the order of the court below affirming the order of the Pennsylvania Liquor Control Board and revoking the club liquor license of Midway Athletic Association.

The question for determination, as stated in the brief of the appellant, is as follows: Whether the action of the Examiner for the Pennsylvania Liquor Control Board, and the Pennsylvania Liquor Control Board and the Honorable THEODORE L. REIMEL, in revoking appellant's liquor license was unduly severe, capricious and arbitrary. This was a matter entirely within the discretion of the Liquor Control Board and the court below.

Three police officers testified that they were admitted to the licensed club without question on April 7, 27 and May 5, 1957, and while in the club on each occasion they were sold alcoholic beverages. One of the officers testified that he purchased a membership card as he was leaving on April 7, 1957 upon payment of $1.00. Another officer testified that he purchased a membership card on May 5, 1957 for $1.00. Neither

officer was required to file a written application and there was nò testimony offered on behalf of the licensee to show that there was any investigation or balloting upon these officers before they were given the membership cards. One officer testified that he was admitted to the club on April 27, 1957 and purchased alcoholic beverages. He further testified that he observed the bartender serve alcoholic beverages to three persons who in his opinion were visibly intoxicated. Another officer testified that on June 8, 1957 he was admitted to the club and while there he saw seven persons who appeared to be visibly intoxicated and who had alcoholic drinks on the bar before them, although he did not see them served.

The court below, after hearing de novo, made the following findings of fact: "1. The licensed organization, by its servants, agents or employes sold liquor and/or malt or brewed beverages on the licensed premises to non-members on April 7, 27 and May 5, 1957.

"2. Persons are admitted to membership in the licensed organization without written application, investigation and ballot.

"3. The licensed organization, by its servants, agents or employes sold, furnished and/or gave liquor and/or malt or brewed beverages to visibly intoxicated persons, on April 27 and June 8, 1957.

"The Court concludes as a matter of law that the appellant sold liquor to non-members and to visibly intoxicated persons; and that it admitted persons to membership in the licensed organization without written application, investigation and ballot."

Police officers are competent to testify on the subject of intoxication: *Turner v. Pa. Liquor Control Board*, 161 Pa. Superior Ct. 16, 53 A. 2d 849; *Hirsh Liquor License Case*, 164 Pa. Superior Ct. 284, 64 A. 2d 504.

The record reveals that the appellant was guilty of violations for which the following suspensions were given: February 26, 1940 a suspension of 15 days; March 25, 1943 a suspension of 60 days; March 24, 1944 a suspension of 60 days; May 31, 1950 a suspension of 75 days; August 28, 1957 a suspension of 101 days.

While we do not have the power to interfere with the exercise of discretion by the Liquor Control Board for the revocation of the club license herein involved, we will say that in our opinion the revocation was a proper exercise of discretion in view of the prior record of this appellant.

Order affirmed.