Inter-Great Services, Inc. and Robert J. Monahan, Jr., Appellants *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee. The Retreat, Inc., Intervenor.

Argued February 6, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Chester Gitt Schultz,* for appellants.

*J. Leonard Langan,* Assistant Attorney General, for appellee.

*Gerald E. Ruth,* for intervenor, The Retreat, Inc.

OPINION BY JUDGE WILKINSON, JR., March 4, 1981:
Appellee Pennsylvania Liquor Control Board (Board) issued a liquor license to intervenor The Retreat, Inc. (Retreat) for premises located in Gettysburg. Though the quota of licenses for that municipality had been exceeded, the Board considered the premises proposed to be licensed located within a resort area and found that there was a necessity for an additional retail liquor license in the municipality. Opponents of the application included Inter-Great Services, Inc. (Inter-Great), a Board licensee located within 200 feet of the premises proposed to be licensed; The Dobbin House, Inc. (Dobbin House), a Board licensee located more than 200 ft. from the premises proposed to be licensed; and Robert J. Monahan, Jr., an inhabitant of the neighborhood within a radius of 500 feet of the premises proposed to be licensed. Those three appealed to the Court of Common Pleas of Adams County. Upon motion by Retreat, the court of common pleas quashed the appeal as to Dobbin House, refused to quash the appeal as to Inter-Great, and transferred the remainder of the case to this Court.

Section 464 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-464, provides that appeals from Board issuance or refusal of liquor licenses shall be taken to the court of the county "in which the premises applied for is located." Section 763(a)(1) of the Judicial Code, 42 Pa. C. S. §763 (a)(1), provides that the Commonwealth Court has jurisdiction of appeals from final orders of Commonwealth agencies having statewide jurisdiction. Sec-

tion 763(c)(2) of the Judicial Code, 42 Pa. C. S. §763 (c)(2), states an exception to that appellate jurisdiction, namely appeals from government agencies as are within the jurisdiction of the courts of common pleas. At the time of the lower court's decision, Section 933 of the Judicial Code, 42 Pa. C. S. §933, gave each court of common pleas jurisdiction of appeals from Board determinations appealable under Section 515 of the Liquor Code, 47 P.S. §5-515 (licenses for distilleries, wineries, bonded warehouses, bailees for hire, and transporters for hire). The lower court concluded that the Judicial Code repealed by implication the appeals provisions of Section 464 of the Liquor Code and that jurisdiction to hear the instant appeal lies in this Court.

A recent enactment by the General Assembly, Act No. 1980-189, was signed into law on December 5, 1980. It amends Section 933(a)(1)(v) of the Judicial Code, 42 Pa. C. S. §933(a)(1)(v), to read, in pertinent part:

[E]ach court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:

(1) Appeals from Commonwealth agencies in the following cases:

. . . .

(v) Determinations of the Pennsylvania liquor control board appealable under the act of April 12, 1951 (P.L. 90, No. 21), known as the "Liquor Code," except matters appealable under sections 433, 444 or 710 of the act.

As none of the three exceptions are applicable here, we will enter the following

ORDER

AND Now, March 4, 1981, the record in the above captioned case is transferred to the Court of Common Pleas of Adams County.