Theodore Laukemann, Jr., t/d/b/a Countryside Inn, Appellant v. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Submitted on briefs May 3, 1984, to Judges Craig, Barry and Blatt, sitting as a panel of three.

*Dusan Bratic,* for appellant.

*Eileen S. Maunus,* Assistant Counsel, with her, *Gary F. DiVito,* Chief Counsel, for appellee.

OPINION BY JUDGE CRAIG, May 21, 1984:

The proprietor of the Countryside Inn has appealed from an order by Judge HOFFER, of the Court of Common Pleas of Cumberland County, affirming the Pennsylvania Liquor Control Board's suspension of the Inn's liquor license, for violation of section 493 (1) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1), which prohibits the furnishing of liquor or malt beverages to any person "visibly intoxicated."

In a hearing de novo before the trial court, a Liquor Control Board enforcement officer testified that, while observing for a period of more than an hour, he saw alcoholic beverages served to three persons who, in his view, were visibly intoxicated. The agent described one person as loud and boisterous, staggering and as having difficulty lighting a cigarette. The second person was, according to the agent, also staggering, with bloodshot eyes and poor coordination as indicated by the fact that he bumped into several patrons. The agent described the third person as being slurred in his speech and also as staggering and having difficulty in lighting a cigarette.

As the issues on appeal, we must consider if the evidence of the violation was insufficient, and whether the trial judge erred in rejecting some expert medical testimony which the licensee offered.

*Turner v. Pennsylvania Liquor Control Board,* 161 Pa. Superior Ct. 16, 53 A.2d 849 (1947), establishes that the agent's evidence in the present case was sufficient as proof of the violation. The Superior Court opinion held that:

> We find no reason why the witnesses should not have been permitted to express their opinions or beliefs as to the intoxication of the individuals whose conduct they also described when served with alcoholic beverages. . . . Intoxication is a matter of common observation on which the opinions of nonexperts are generally admissible.

161 Pa. Superior Ct. at 18, 53 A.2d at 851.

*Turner* also negates the licensee's related contention, that such evidence is insufficient in that the agent here did not identify by name those persons he perceived to be intoxicated. *Turner* says:

> It was not a prerequisite to the admissibility of such testimony that the names of the persons observed to be visibly intoxicated should be obtained and given. Appellant's argument—that, under the law, it is a necessary protection to the licensee that the officers either ask the visibly intoxicated persons to disclose their names and addresses, or follow them to their homes—is without merit. A purpose of the Liquor Control Act is to regulate and restrain the sale of alcoholic beverages and not to promote it. The name obtained from an intoxicated person might be as uncertain as his route homeward.

161 Pa. Superior Ct. at 19, 53 A.2d at 851.

With respect to the proffered expert testimony, the trial judge's rejection of it was well founded, in view of the broad discretion accorded to trial judges with regard to expert testimony. *See Whistler Sportswear,*

*Inc. v. Rullo*, 289 Pa. Superior Ct. 230, 433 A.2d 40 (1981).

The licensee offered the testimony of a physician who had no firsthand knowledge. The physician was not present at the time of the violation. His testimony was not based upon any examination of the individuals alleged to have been visibly intoxicated, as distinguished from the medical opinion testimony admitted for the purpose of rebutting evidence of intoxication in *Commonwealth v. Horn*, 395 Pa. 585, 150 A.2d 872 (1959), or in the common pleas court cases cited on behalf of the licensee.

As the licensee's brief states the issue, the physician

> should have been permitted to give his opinion as to whether the vague descriptions provided by the agent were sufficient to permit an impartial observer to determine by a fair preponderance of the evidence that the persons in question were visibly intoxicated at the time they were served.

The proposed testimony—that other physical and medical conditions or afflictions can produce staggering, bloodshot eyes and like manifestations—constituted a mere recitation of possibilities, amounting to an abstract speculation having no utility beyond belaboring the obvious.

Essentially, the offered opinion testimony represented an effort to attack the rule that the opinion of a lay observer is admissible to prove a state of intoxication, a rule too well established to be invalidated in such a manner.

Moreover, we know of no principle of evidence which authorizes the impeachment of a witness through a recitation of alternative possibilities by an expert, nor has the licensee cited any authority for such a proposition.

506

Finally, in defining the violation as the dispensation of alcoholic beverages to a person "visibly intoxicated," the statute displays considerable logic in placing stress upon what can be seen. The law does not hold a licensee or its agent responsible on any basis, such as the blood alcohol level of a patron, which would not be externally apparent; instead, the law decrees that the alcoholic beverage dispenser shall not provide more alcohol when the signs of intoxication are visible. The practical effect of the law is to insist that the licensee be governed by appearances, rather than by medical diagnoses. The wisdom of the legislative approach is plain.

Judge HOFFER's sound decision is affirmed.

ORDER

Now, May 21, 1984, the order of the Court of Common Pleas of Cumberland County, dated June 3, 1983, is affirmed.