Joseph Fisher, individually, Joseph Fisher, t/d/b/a Ariel View Inn, Harry and Bette Williams, t/a Lakeside Inn, Pine/Wayne Tavern Owners Association, Inc. *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board and Randall Woehrle, t/d/b/a Kay's Pizzeria and Italian Restaurant. Randall Woehrle, t/d/b/a Kay's Pizzeria and Italian Restaurant, Appellant.

Argued September 10, 1985, before Judges ROGERS and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Peter W. Chapla,* for appellant.

*Felix Thau,* with him, *Mark S. Jennings,* for appellee.

OPINION BY JUDGE BLATT, November 15, 1985:

Randall Woehrle, the principal of Kay's Pizzeria and Italian Restaurant (petitioner), appeals here an order of the Court of Common Pleas of Wayne County reversing a decision of the Pennsylvania Liquor Control Board (Board). The Board had granted the petitioner a liquor license for his premises.

The petitioner filed an application for a new restaurant license for his establishment, located in Lake Township, Lake Ariel, Wayne County, when there were already four licenses in effect to be counted

against the Township's legal quota[1] of one retail liquor license. Accordingly, he sought the license pursuant to the "resort area" exception provided by Section 461(b) of the Liquor Code (Code),[2] which grants the Board power to increase the number of licenses in municipalities located in resort areas. The application was contested by protestants including Joseph Fisher, appearing individually and as the proprietor of the Ariel View Inn, a competing licensee who apparently resides on the same premises, which are within two hundred feet of the petitioner's location. Pursuant to the hearing examiner's recommendation, the Board found that the necessity for an additional restaurant liquor license had been established, and approved the liquor license application.

The common pleas court heard the matter de novo, and found that the Board had abused its discretion in granting the application. Inasmuch as the trial court received additional evidence and made its own findings of fact, our scope of review is limited to determining whether or not the trial court committed an error of law or abused its discretion, and whether or not there is substantial evidence in the record to support its findings of fact. *Pennsylvania Liquor Control Board v. Spring Gulch*, 87 Pa. Commonwealth Ct. 395, 487 A.2d 472 (1985).

In this appeal, the petitioner first contends that the trial court erred in assuming jurisdiction of the appeal from the Board. He argues that individual tavern owners, such as Mr. Fisher, may not appeal

---

[1] Pursuant to Section 461(a) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-461(a), only one liquor license may be granted by the Board for each 2,000 inhabitants of a municipality.

[2] 47 P.S. §461(b).

the grant of a license to the court of common pleas, but that such appeals must be brought to this Court pursuant to *In re: Family Style Restaurant,* 503 Pa. 109, 468 A.2d 1088 (1983).

That case, however, presented the narrower issue of whether an association of tavern owners demonstrated, on behalf of itself or its members, the type of direct and immediate interest sufficient to establish its standing to appeal, pursuant to Sections 701 and 702 of the Administrative Agency Law,[4] a Board decision to award a new license. By contrast, the instant case involves an appeal by a protestant residing within 500 feet of the proposed premises who was, therefore, entitled to appeal to the common pleas court pursuant to Section 404 of the Code, 47 P.S. §4-404.[5] *Application of El Rancho Grande, Inc.,* 496 Pa. 496, 437 A.2d 1150 (1981). And, having properly assumed jurisdiction of that protestant's appeal, it was, we believe, in the interests of judicial economy for the court to permit the participation of the other protesting parties so as to avoid fragmentation of the matter.[6]

---

[4] 2 Pa. C. S. §§701 and 702.

[5] The petitioner concedes that Mr. Fisher resides within 500 feet of Kay's Pizza, but argues that his testimony related solely to his status as a licensee. We note, however, that in his petition for appeal to the common pleas court, Mr. Fisher asserted, as he did before the Board, that the proposed license would be detrimental to the neighborhood within a radius of 500 feet. It appears, therefore, that the trial court properly assumed jurisdiction of the appeal, and we do not believe that the petitioner's failure to pursue that topic served to retroactively divest the trial court of its jurisdiction.

[6] We note, moreover, that, in *Inter-Great Serv., Inc. v. Pennsylvania Liquor Control Board,* 57 Pa. Commonwealth Ct. 258, 426 A.2d 722. (1981), which, admittedly, preceded *Rancho Grande* and *Family Style,* we transferred to the court of common pleas an appeal concerning, as does this case, an inhabitant of the neighborhood residing within 500 feet of the proposed establishment and a competing licensee located within 200 feet.

The petitioner next contends that the trial court erred in determining that the Board abused its discretion in granting it the license. He argues that the testimony and evidence conclusively demonstrated the requisite actual necessity for the additional license.

In order to obtain a license under the "resort area" exception, an applicant bears the burden of demonstrating that the premises are located in a resort area *and* that there is an "actual need" for the additional license, including the inability of the existing licensees to meet the needs of the influx of people occurring during the area's peak seasons. *Pesante Appeal*, 82 Pa. Commonwealth Ct. 242, 476 A.2d 474 (1984). We have established as factors to be considered in assessing the actual need for an additional license: 1) the need of persons who will frequent the establishment; 2) the number and variety of existing establishments in the locale; and 3) whether or not the clientele to be served differs from that served by the present licensees. *Spring Gulch*. Essentially, the question is whether or not an applicant can provide a service where and when the existing licensees cannot. *Id*.

The trial court found that the petitioner's restaurant was not unique to the area; that the menu of his restaurant was not unlike that provided by the Ariel Lake Inn, and that the arrangements of the two establishments' dining rooms were also similar. Our careful review of the record indicates, moreover, that, although two witnesses testified that they preferred the petitioner's restaurant, no evidence was presented that there was a demand for service which could not be met by the existing licensees.

We believe, therefore, that there is substantial evidence in the record to support the trial court's findings and that it did not abuse its discretion or

commit an error of law in concluding that the Board abused its discretion by granting the petitioner's application.

We will, accordingly, affirm the order of the Court of Common Pleas of Wayne County.

ORDER

AND Now, this 15th day of November, 1985, the order of the Court of Common Pleas of Wayne County, dated September 11, 1984, is affirmed.