516 A.2d 1324

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Mark T. Klein, t/a Hilltop Inn, Appellee.

Submitted on briefs September 8, 1986, to Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Felix Thau,* Deputy Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE DOYLE, October 27, 1986:

The Pennsylvania Liquor Control Board (PLCB) appeals from an order of the Court of Common Pleas of Luzerne County reversing the PLCB's denial of an application for a new restaurant liquor license filed by Mark T. Klein (Applicant). We reverse.

In 1983, Applicant entered into an agreement to purchase a restaurant in the Borough of Harvey's Lake, Luzerne County, the agreement being contingent upon Applicant's obtaining a liquor license. Accordingly, Applicant sought a liquor license from the PLCB pursuant to the resort area exception of Section 461(b) of the Pennsylvania Liquor Code[1] (Code).

At a hearing before a PLCB hearing examiner, it was undisputed that Harvey's Lake is a resort area. Its statutory quota for liquor licenses is one, but at least 15 are located in the borough. One current licensee, appearing as a protestant, testified that there was no need for an additional liquor license since three were available for sale in the area, and the only occasions his establishment had to turn patrons away were a few weekends in the summer. Applicant testified that he intended to open a restaurant specializing in steaks and ribs, and a number of neighbors of the Applicant's proposed restaurant testified in effect that it would be

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(b).

more convenient for them if Applicant were granted a license. The PLCB, without making detailed findings of fact, determined that while Harvey's Lake is a resort area, Applicant had not demonstrated the requisite need for an additional liquor license and thus denied his application.[2] Applicant timely appealed to the Court of Common Pleas of Luzerne County.

At a hearing *de novo,* the court heard additional testimony from Applicant and various permanent residents to the effect that Applicant intended to operate a family-style restaurant open for lunch and dinner six days per week on a year-round basis "if business warranted being open," and that such a place was needed in the area. The court made a number of findings of fact, including one that there was no comparable licensee in the area in terms of cuisine, hours and atmosphere, and concluded that there was actual need for a new liquor license, based upon "neighborhood convenience" and the interest expressed by permanent residents living in the area of Applicant's premises. The Court reversed the PLCB and ordered that Applicant be granted a license. From this order, the PLCB appeals.

The PLCB contends that the court of common pleas erred in two respects: by improperly substituting its discretion for that of the PLCB, and by finding that Applicant proved a need for an additional liquor license. Because we conclude that the court erred in finding actual need for the liquor license, we will not consider the PLCB's first contention.

---

[2] We note that the PLCB made no findings of fact relating to actual necessity; rather, it simply concluded that there was "no evidence of necessity." In light of the clear command of Section 507 of the Administrative Agency Law which states in pertinent part that "All adjudications of a Commonwealth agency . . . shall contain findings and the reasons for the adjudication . . . ", 2 Pa. C. S. §507, the PLCB is advised in the future that it must make detailed findings to support its conclusions of law.

In a liquor license application appeal where, as here, the court of common pleas conducts a hearing *de novo* at which it receives additional evidence and makes its own findings of fact, our scope of review is limited to determining whether substantial record evidence supports the court's findings of fact, and whether the court abused its discretion or committed an error of law. *Fisher v. Pennsylvania Liquor Control Board,* 93 Pa. Commonwealth Ct. 63, 500 A.2d 218 (1985).

"Actual necessity" for a liquor license is broadly construed to mean substantial need in relation to the pleasure, convenience and general welfare of the persons who would use the facility of the licensee. *Pennsylvania Liquor Control Board v. Bridgeport Young Men's Club,* 84 Pa. Commonwealth Ct. 13, 478 A.2d 157 (1984). In assessing actual necessity, the factors to consider are: 1) the needs of persons who will use the facility; 2) the number and types of existing establishments in the area; and 3) whether the persons to be served differ from those served by existing licensees. *Pennsylvania Liquor Control Board v. Spring Gulch, Inc.,* 87 Pa. Commonwealth Ct. 395, 487 A.2d 472 (1985). In other words, the question is whether an applicant can provide a service where and when present licensees cannot. *Appeal of Brandywine Valley Inn, Inc.,* 53 Pa. Commonwealth Ct. 203, 417 A.2d 823 (1980).

Guided by these standards, and bearing in mind that the regulatory scheme in respect to liquor licenses is designed to restrain the sale of liquor, not promote it, *Application of El Rancho Grande, Inc.,* 496 Pa. 496, 437 A.2d 1150 (1981), we hold that there is no substantial evidence to support the conclusion that Applicant demonstrated "actual necessity" for the liquor license. A review of the record fails to disclose that the current licensees in Harvey's Lake are incapable of meeting the need occasioned by *"a seasonal influx of transients*

which causes population of the area to swell so that existing licensees cannot adequately meet the needs of the area." (Emphasis added.) *Petition of Springdale Sportsmen's Association,* 20 Pa. Commonwealth Ct. 479, 485, 342 A.2d 802, 806 (1975). Other than the testimony of one licensee that on a few weekends in the summer some patrons had to be turned away from his establishment, there is no indication that the numerous existing licensees cannot handle the tourist influx. The resident neighbors appearing on behalf of Applicant testified, and the trial court found, that granting a liquor license to Applicant would serve "neighborhood convenience." Neighborhood convenience, however, does not equal actual necessity for purposes of obtaining a liquor license pursuant to Section 461(b); an applicant must show that current licensees cannot meet the need caused by the influx of transients. *Pennsylvania Liquor Control Board Appeal,* 82 Pa. Commonwealth Ct. 142, 474 A.2d 738 (1984).

Therefore, we find that the Court of Common Pleas of Luzerne County abused its discretion in reversing the decision of the PLCB denying Applicant a liquor license.

Reversed.

### ORDER

Now, October 27, 1986, the Order of the Court of Common Pleas of Luzerne County, No. 1466 of 1984 dated February 15, 1985, is hereby reversed and the order of the Pennsylvania Liquor Control Board, dated August 10, 1984, is hereby reinstated.