542 A.2d 217

Roylene Ashman, t/a Zack's Place, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Roylene Ashman, Appellee.

Submitted on briefs February 23, 1988, to President Judge CRUMLISH, JR., and Judges McGINLEY and SMITH, sitting as a panel of three.

*Joseph J. Yeager,* for appellant.

*Faith S. Diehl,* Assistant Counsel, with her, *Kenneth B. Skelly,* Chief Counsel, for appellee.

OPINION BY JUDGE McGINLEY, June 6, 1988:

The Court of Common Pleas of Luzerne County (trial court) by order dated March 30, 1987, dismissed

the appeal of Roylene Ashman (Licensee) of Citation No. 86-0284 and affirmed the finding of the Pennsylvania Liquor Control Board (PLCB) that Licensee served alcohol, malt and/or brewed beverages to a visibly intoxicated person in violation of Section 4-493(1) of the Pennsylvania Liquor Code (Code), 47 P.S. §4-493(1),[1] but, reduced the penalty assessed by the PLCB. The PLCB appeals only the penalty modification. Licensee appeals the merits of the trial court's decision.

The controversy involves the trial court's adjudication at Citation No. 86-0284 and how that adjudication was affected or influenced by the trial court's adjudication of Citation No. 86-1373. On November 29, 1985, Licensee, owner of Zack's Place in Pittston, Pennsylvania, allegedly sold, furnished and/or gave liquor and/or malt or brewed beverages to a visibly intoxicated person. The PLCB imposed a $750 fine on Licensee. After hearing the trial court modified and reduced the fine from $750 to $350 at Citation No. 86-0284 because of the dismissal of an unrelated citation at No. 86-1373.[2]

Our scope of review of a *de novo* appeal is limited to a determination of whether there is evidence to support the PLCB's order and whether or not the trial court

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1). Section 4-493 of the Code states it shall be unlawful—

(1)  For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor or to habitual drunkards, or persons of known intemperate habits.

[2] No. 86-1373 involved a charge that Licensee sold, furnished and/or gave or permitted such sale, furnishing or giving of liquor and/or malt or brewed beverages to a minor on several occasions from September 1, 1985 through December 31, 1985.

committed an error of law or abused its discretion. *Hanover Bowling Center, Inc. v. Commonwealth of Pennsylvania,* 101 Pa. Commonwealth Ct. 522, 516 A.2d 845 (1986). We conclude that the trial court erroneously modified the penalty imposed by the PLCB when it incorrectly considered the disposition of the unrelated citation.

The Legislature invested the PLCB with the power and duty to enforce the Code and part of that duty is to set penalties for proven violations.[3] The Pennsylvania Supreme Court and this Court have consistently held that absent materially and significantly different findings of fact from that of the PLCB, the Common Pleas Court may not modify the penalty imposed by the PLCB. *Matter of Elemar, Inc.,* 499 Pa. 8, 451 A.2d 209 (1982), *In Re: Carver House, Inc.,* 454 Pa. 38, 310 A.2d 81 (1973). In *Elemar,* 499 Pa. at 16, 451 A.2d at 213, the Supreme Court explained the significance of this standard of review:

> '[T]he lower court must make findings of fact on the material issues different from those as found by the board before the action taken by the board can be reversed or changed, unless the lower court's change or modification is so grounded, it cannot stand.' Carver House, Inc. Liquor License Case, 454 Pa. 38, 40, 310 A.2d 81, 82-83 (1973), quoting Italian Citizens National Association of America Liquor License Case, 178 Pa.Super. 213, 216, 115 A.2d 881, 882 (1955) (citing cases). Such a limitation on judicial review is well founded. As the relationship between penalty and policy is one particularly within the Board's special competence, the Board's decision as to the appropriate sanction to

---

[3] Section 2-207 of the Code, 47 P.S. §2-207.

> impose for a violation of the Code should not
> easily be disturbed on appeal.

The trial court made no materially different findings of fact to justify its modification and we hold that Licensee's successful appeal of an unrelated citation does not constitute a materially different finding of fact.

This Court in *In Re: Boardwalk, Inc.,*[4] 70 Pa. Commonwealth Ct. 416, 453 A.2d 378 (1982) affirmed the holding that a penalty imposed by the PLCB could not be revised or reduced unless the court of common pleas has made findings that are significantly and materially different than the findings of the PLCB. We held that a finding that action taken by the PLCB in a case lacks factual foundation may require a reduction in the penalty imposed by the PLCB in a subsequent case involving a different violation, which the court finds to have been factually established, if the penalty decision of the PLCB in the later case is partly weighted by an express reference to the earlier violation.

Under *In Re: Boardwalk, Inc.* a trial court may impose a reduction in the penalty of a case involving a

---

[4] This case involved licensee, The Boardwalk, Inc., which was fined $200 by the PLCB for an alleged 1978 insufficient-food violation at Citation No. 226. In a distinctly separate case, Citation No. 942, the PLCB later found the licensee guilty of a 1979 insufficient-food violation and also guilty, in the same month, of serving minors; for the 1979 offenses, PLCB imposed a three-day license suspension, expressly noting that the PLCB "has also considered" the record of Citation No. 226 "and the penalty imposed thereon" as presented in evidence in the second case. The 1978 offense, Citation No. 226, was subsequently dismissed by a trial court and after a hearing on the 1979 violation in light of disposition of the 1978 Citation, without any additional findings of fact. This Court found that the PLCB did not express its references to the licensee's record as a factual finding and found the reference was too ambiguous to justify the trial court's penalty modification. The Court remanded the case to the PLCB for reconsideration of the penalty imposed by Citation No. 942.

violation, if one, the trial court finds the violation is factually established; two, the PLCB's penalty decision of that violation was partly weighted by an express reference to an earlier violation; and, three, the trial court makes a finding that the earlier violation relied upon lacks factual foundation. In the case *sub judice,* the trial court did not have on record the necessary elements to justify a penalty modification under *In Re: Boardwalk.* The trial court did find that the violation of Citation No. 86-0284 was factually established and that the alleged violations of Citation No. 86-1373 lacked factual foundation. However, the PLCB never made an express reference in Citation No. 86-0284 to Citation No. 86-1373 and its penalty decision was not weighted by the alleged violations at Citation No. 86-1373.[5] The trial court's reduction in penalty imposed by the PLCB is not justified.

Licensee argues that the PLCB did not sustain its burden of proof that Licensee served a visibly intoxicated person. This argument is without merit. PLCB enforcement officers are competent to express their opinion as to whether the person served is visibly intoxicated and that opinion is sufficient evidence to find a violation of the Code. *Laukemann v. Commonwealth, Pennsylvania Liquor Control Board,* 82 Pa. Commonwealth

---

[5] The PLCB refers to the violations as "citations" in their opinion, but as "cases" in their order. For our purposes "Case No." and "Citation No." are synonymous.

Case No. 86-0284's order was dated January 12, 1987, and, the PLCB opinion stated that the Board "considered any record of prior citations against the licensee(s) to include: Case No. 84-3534. . . ." Opinion of the Board, 1/12/87, Case No. 86-0284.

Case No. 86-1373's order was dated January 13, 1987, and the PLCB opinion stated that the Board "considered any record of prior citations against the licensee(s) to include: Case No. 84-3534 and Case No. 86-0284. . . ." Opinion of the Board, 1/13/87, Case No. 86-1373.

Ct. 502, 475 A.2d 955 (1984) *citing Turner v. Pennsylvania Liquor Control Board,* 161 Pa. Superior Ct. 16, 53 A.2d 849 (1947). The testimony of PLCB Officer Tyler is sufficient evidence that Licensee violated the Code.[6]

The order of the trial court is hereby affirmed in part, as to the merits of the decision, and reversed in part, as to the penalty modification. The $750 fine is reinstated.

### ORDER

AND NOW, this 6th day of June, 1988, the order of the Court of Common Pleas of Luzerne County dated March 30, 1987, No. 268 of 1987, is affirmed in part as to the merits of the violation and reversed in part as to the penalty modification and the $750 fine is reinstated.

Judge SMITH concurs in the result only.

---

[6] At a *de novo* hearing a PLCB officer testified that he observed a patron on the licensed premises in a visibly intoxicated state. His observation included the patron using slurred speech, having glassy eyes, and experiencing difficulty in describing what type of beer he wanted. Notes of Testimony, 3/16/87, (N.T.) at 23. In addition, the patron bowed his head down, closed his eyes, and bobbed back and forth with his head, as if he was falling asleep. When this patron visited the men's room, he was observed staggering, bumping into bar stools, and placing his hands on the wall for support. After the officer had made these observations concerning the condition of the patron, he observed the barmaid serve a glass of draft beer to the patron. N.T. at 24-25.